
FILED
MAY 03 2017

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DAWN BLOCK,<br><br>Plaintiff,<br><br>vs.<br><br>DAKOTA NATION GAMING COMMISSION and DAKOTA SIOUX CASINO AND HOTEL,<br><br>Defendants. | 1:16-CV-01054-CBK<br><br>ORDER AND OPINION |

Plaintiff Dawn Block filed a complaint with this Court on December 1, 2016, claiming: (1) breach of confidentiality; (2) Privacy Act of 1974; and (3) defamation. The defendants have moved to dismiss all counts pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Court is fully advised on the matter.

## FACTUAL BACKGROUND

On or about May 23, 2014, Block was made aware that her gaming records were allegedly released by Dakota Sioux Casino and Hotel ("Dakota Sioux") "to members of a division of the Dakota Sioux Tribal Nation for purposes of defamation." Compl. ¶ 11. The records account for her winnings and losses at Dakota Sioux over the span of approximately three years. Block also claims the gaming records reveal her social security number. Block asserts that Dakota Sioux did not notify or seek her consent in releasing the gaming records. Block alleges she was damaged as a result of Dakota Sioux divulging such records because the information was used to apply and obtain credit in her name. Block believes that Dakota Sioux released the gaming records for the purpose of damaging her reputation and character.

## STANDARD OF REVIEW

The defendants have moved to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). "A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." Montgomery v. Compass Airlines, LLC, 98 F.Supp.3d 1012, 1017 (D. Minn. 2015) (*quoting* Damon v. Groteboer, 937 F.Supp.2d 1048, 1063 (D. Minn. 2013)). "In deciding a motion under Rule 12(b)(1) the Court must first distinguish between a 'facial attack' and a 'factual attack.' " Id. (*quoting* Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (*quoting* Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993)). In a factual challenge, the Court may look beyond the complaint's jurisdictional allegations and receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. Titus, 4 F.3d at 593. The Court has not received affidavits, evidence, or deposition testimony in this case. Therefore, the Court will analyze this motion as a facial challenge to subject matter jurisdiction and will look to the face of the complaint and draw all reasonable inferences in favor of the plaintiff.

"In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant." U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp., 690 F.3d 951, 955 (8th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" Mountain Home Flight Serv., Inc. v. Baxter Cty., Ark., 758 F.3d 1038, 1042 (8th Cir. 2014) (*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (*quoting* Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." U.S. ex rel. Raynor, 690 F.3d at 955. "[A]lthough a complaint need not contain 'detailed factual allegations,' it must contain facts with enough specificity 'to raise a right to relief above the speculative level.'" Id. (*quoting* Twombly, 550 U.S. at 555).

## ANALYSIS

### I. Unopposed Motion to Dismiss

The defendants filed a motion to dismiss on February 2, 2017. The plaintiff has yet to file a brief in opposition. Local Rule 7.1(B) states: "On or before 21 calendar days after service of a motion or brief, unless otherwise specifically ordered by the court, all opposing parties ***must*** serve and file a responsive brief containing opposing legal arguments and authorities in support thereof." D.S.D. Civ. LR 7.1(B) (emphasis added). Accordingly, the deadline to file a brief in opposition to the motion to dismiss was on February 23, 2017.

The circuits are split on whether a court may grant a motion to dismiss solely on the basis that the plaintiff did not file a response opposing the motion. Fed. R. Civ. P. 12, Rules and Commentary (*See* ITI Holdings, Inc. v. Odom, 468 F.3d 17, 19 (1st Cir. 2006)). However, after a review of the relevant case law, the Eighth Circuit has not adopted this viewpoint. Therefore, the Court will not grant the motion to dismiss solely

3

on the basis that the plaintiff did not file a response in opposition, but rather, will apply the appropriate standard of review.

## II. Failure to Plead the Basis for Subject Matter Jurisdiction

The next issue is whether the plaintiff has given proper notice to the defendants in stating the grounds for subject matter jurisdiction. The complaint states: "This Court has jurisdiction pursuant to the pursuant [sic] to [sic] the [sic] Privacy Act of 1974, 5 U.S.C. § 552 a (b) [sic]." Compl. ¶ 5. Rule 8(a)(1) explains that a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). "In a general federal question case, [the] best practice is to cite both 28 U.S.C. § 1331 and the particular federal law giving rise to the claim." Fed. R. Civ. P. 8, Rules and Commentary. "However, neither is essential if the allegations in the complaint, as [a] whole, show that a federal question is presented." Id. The complaint refers to 5 U.S.C. § 552a(b) of the Privacy Act of 1974, a federal cause of action. Therefore, the Court has subject matter jurisdiction over this matter.

## III. Breach of Confidentiality

Next, the issue is whether the plaintiff's breach of confidentiality claim fulfills the requirements of Fed. R. Civ. P. 8(a)(2). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claims showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

4

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The complaint states: "Dakota Sioux has an obligation under Federal Law and Gaming Laws to maintain records in confidence and release information only to the Internal Revenue Service for the purposes of taxing winnings." Compl. ¶ 13. The plaintiff fails to cite to the legal authority that she is relying upon in claiming a breach of confidentiality. It is ambiguous as to which particular federal or gaming law the defendants allegedly violated. Moreover, Count 1 and Count 2 of the plaintiff's complaint may be duplicative, as both counts refer to the improper handling of the plaintiff's gaming records. In any case, the purpose of Rule 8(a)(2) is to provide notice. It is unreasonable to expect the defendants and the Court to correctly guess which particular federal or gaming law the plaintiff is relying upon. The plaintiff has failed to give proper notice to the defendants in this regard. Therefore, the Court finds the defendants are entitled to an order to dismiss Count 1 of the complaint.

### IV.     The Privacy Act of 1974

The next issue is whether Count 2 of the complaint fails to state a claim to relief that is plausible on its face. The complaint cites to 5 U.S.C. § 552a(b) of the Privacy Act of 1974, which states:

> [N]o agency shall disclose any record which is contained in a system of records by any means of communication to any person or to another agency, except pursuant to a written request by, or with the prior written consent of the individual to whom the record pertains.

Compl. ¶ 19. "Agency" is defined as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency . . ." 5 U.S.C. §

5

551(1). The complaint fails to plead or support an inference that either defendant is an agency of the United States. By the plaintiff's own admission, "Defendant Dakota Nation Gaming Enterprises (DAKOTA NATION [sic] is owners [sic] of Dakota Sioux Casino and Hotel . . ." Compl. ¶ 3. The plaintiff inexplicably refers to Dakota Nation Gaming Enterprises as the Dakota Nation Gaming Commission. Dakota Nation Gaming Enterprises is a business entity. Compl. ¶ 3. Because the Privacy Act of 1974 regulates agencies of the United States, the plaintiff must show in her complaint that her claim involves an agency of the United States. The complaint does not indicate that any agency of the United States misused or divulged the plaintiff's records. Therefore, after accepting the factual allegation pled as true, the plaintiff has failed to state a cause for relief that is plausible on its face.

## V.   Defamation

Finally, the issue is whether the plaintiff's defamation claim is properly before the Court when considering the dismissal of Counts 1 and 2. "It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* the court's subject matter jurisdiction where the court believes that jurisdiction may be lacking.' " Id. (*quoting* Clark v. Baka, 593 F.3d 712, 714 (8th Cir. 2010)). Defamation is a state law cause of action. A federal district court may adjudicate a state law cause of action if the facts derive from a common nucleus of operative fact. *See* 28 U.S.C. § 1367(a). Although the plaintiff failed to assert supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), the Court will nonetheless address the issue. The Court may decline to exercise

6

its supplemental jurisdiction if: "(3) the Court dismissed all claims over which it had original jurisdiction." Barondes v. Wolfe, 184 F.Supp.3d 741, 744 (W.D. Mo. 2016) (*quoting* 28 U.S.C. § 1367(c)). "If one of these statutory factors is present, the Court must weigh the interests of judicial economy, convenience, fairness, and comity to determine whether to exercise jurisdiction." Id. "In the usual case, these factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. Based on the factors referenced above, the Court declines to exercise supplemental jurisdiction over the plaintiff's defamation claim. Therefore, the defendants are entitled to an order to dismiss in this matter. The dismissal should be without prejudice. No costs should be taxed.

## ORDER

Now, therefore,

IT IS ORDERED:

1. Defendants' motion, Doc. 5, to dismiss is granted without prejudice.

DATED this 3rd day of May, 2017.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge